# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| **SPENCER BUENO**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 9:23-cv-81290 |
| | Judge: |
| **ARHAUS, LLC**, a Delaware limited liability company, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SPENCER BUENO** ("**BUENO**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA), Florida Civil Right Act (FCRA) and F.S. §440.205 for (1) discrimination in violation of the ADA, and (2) discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **SPENCER BUENO** ("**BUENO**") is an individual who at worked for the Defendant in Palm Beach County, Florida.

1

3. Defendant, **ARHAUS, LLC** ("Defendant") is a Delaware limited liability company and was **BUENO**'s employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Southern District of Florida because the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Palm Beach County, Florida, which is within the Southern District of Florida. Venue is proper in the West Palm Beach Division since Palm Beach County is within the West Palm Beach Division.

6. **BUENO** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on July 24, 2023 and this action was filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

7. **BUENO** began his employment with Defendant on November 1, 2021 and was employed as a design consultant.

8. **BUENO** always performed his assigned duties in a professional manner and was extremely well qualified for his position despite being a qualified person with a disability.

9. **BUENO** always received good performance reviews from Defendant prior to requesting reasonable accommodations.

10. **BUENO**'s disability consists of mental-emotional impairments (anxiety and depression) which affects the major life activities of thinking and working.

11. **BUENO** disclosed these disabilities during a telephone interview with the Defendant's regional manager (Kim Rauen).

12. On January 30, 2022, **BUENO** suffered a flare-up of his disabilities that prevented him from working that day.

13. **BUENO** promptly informed his manager, who allowed him to leave work that day.

14. On February 1, 2022, **BUENO** provided the Defendant with a doctor's note, requesting brief leave from work due to anxiety, depression, and panic attacks as a reasonable accommodation.

15. The Defendant initially granted **BUENO**'s request for brief leave as a reasonable accommodation through February 21, 2022.

16. While **BUENO** was out of work, he received text messages from the Defendant regarding work, such as, "you need to join the mandatory meetings even if sick or on approved time off."

17. The Defendant terminated **BUENO**'s employment on February 21, 2022 – the same date his medical leave ended.

18. At all material times, the Defendant was aware of **BUENO**'s disability, which is the basis for its discriminatory employment practices toward him.

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. At all relevant times, **BUENO** was an individual with a disability within the meaning of the ADAAA.

21. Specifically, **BUENO** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

22. **BUENO** is a qualified individual as that term is defined in the ADAAA.

23. **BUENO** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

24. At all material times, **BUENO** was an employee and the Defendant was his employer covered by and within the meaning of the ADA.

25. **BUENO** has disabilities, which qualify under the ADA.

26. Defendant discriminated against **BUENO** with respect to the terms, conditions, and privileges of employment because of his disabilities.

27. Defendant conducted itself with malice or with reckless indifference to **BUENO**'s federally protected rights.

28. Defendant discriminated against **BUENO** in violation of the ADA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

29. The conduct of Defendant altered the terms and conditions of **BUENO**'s employment and **BUENO** suffered negative employment action in the form of discipline and termination.

30. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **BUENO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

31. As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BUENO** is entitled to all relief necessary to make him whole.

32. As a direct and proximate result of the Defendant's actions, **BUENO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

33. **BUENO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

34. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

35. At all relevant times, **BUENO** was an individual with a disability within the meaning of the FCRA.

36. Specifically, **BUENO** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

37. **BUENO** is a qualified individual as that term is defined in the FCRA.

38. **BUENO** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

39. At all material times, **BUENO** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

40. **BUENO** has disabilities, which qualify under the FCRA.

41. Defendant discriminated against **BUENO** with respect to the terms, conditions, and privileges of employment because of his disabilities.

42. Defendant conducted itself with malice or with reckless indifference to **BUENO**'s protected rights under Florida law.

43. Defendant discriminated against **BUENO** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

44. The conduct of the Defendant altered the terms and conditions of **BUENO**'s employment and **BUENO** suffered negative employment action in the form of discipline and termination.

45. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BUENO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

46. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BUENO** is entitled to all relief necessary to make him whole.

47. As a direct and proximate result of the Defendant's actions, **BUENO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

48. **BUENO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SPENCER BUENO**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: September 19, 2023      **/s/ Benjamin H. Yormak**

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com